# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
February 4, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**FRANK JOHNSON JR.,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0092**  (BOR Appeal No. 2049859)
(Claim No. 850002847)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**MAPLE MEADOW MINING COMPANY,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Frank Johnson Jr., pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Brandolyn Felton-Ernest, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 26, 2015, in which the Board affirmed a September 11, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 3, 2014, decision denying Mr. Johnson's request for authorization of an evaluation by orthopedic surgeon R. Patel, M.D. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

1

Mr. Johnson injured his lower back in the course of his employment on July 17, 1984, and was diagnosed with an acute lower back strain. The evidentiary record indicates that beginning in approximately 1987, Mr. Johnson began complaining of ongoing lower back pain. On November 26, 2013, Robert Yee, M.D., Mr. Johnson's primary care provider, requested authorization for a surgical consultation with Dr. Patel in response to Mr. Johnson's complaints of worsening lower back pain. Further, Dr. Yee noted that a lumbar spine MRI performed on November 1, 2013, revealed a left paracentral disc protrusion at L5-S1, disc bulging at L2-3 and L4-5, central canal stenosis at L2-5, and neural foraminal stenosis.

On January 22, 2014, Saghir Mir, M.D., examined Mr. Johnson. Dr. Mir took note of the degenerative changes revealed in the November 1, 2013, MRI and also noted that lumbar spine x-rays obtained on November 1, 2013, revealed degenerative disc disease at L5-S1. Dr. Mir diagnosed Mr. Johnson with chronic lower back pain arising from progressive degenerative changes in the entire lumbar spine which are attributable to naturally occurring causes. Further, Dr. Mir opined that Mr. Johnson's current symptoms are not a result of the July 17, 1984, injury and arose solely from naturally occurring age-related degenerative changes.

On February 3, 2014, the claims administrator denied Mr. Johnson's request for authorization of an evaluation by Dr. Patel. In its Order affirming the claims administrator's decision, the Office of Judges held that the request evaluation by Dr. Patel does not constitute medically necessary and reasonably required treatment in relation to the July 17, 1984, injury. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated January 26, 2015.

The Office of Judges noted that although the November 1, 2013, lumbar spine MRI revealed lumbar stenosis, a disc protrusion, and disc bulging, Mr. Johnson's July 17, 1984, injury was described only as a lower back sprain. The Office of Judges further found that Dr. Mir's conclusion that Mr. Johnson's current condition arises solely from naturally occurring degenerative changes was persuasive. Finally, the Office of Judges concluded that the evidence of record does not provide a sufficient basis to determine that Mr. Johnson's current condition is related to the July 17, 1984, injury.

We disagree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The results of the November 1, 2013, lumbar spine MRI show that Mr. Johnson has a left paracentral disc protrusion at L5-S1, disc bulging at L2-3 and L4-5, central canal stenosis at L2-5, and neural foraminal stenosis. By requesting that the claims administrator authorize a consultation with an orthopedic surgeon for further evaluation of the lumbar spine in light of the results of the November 1, 2013, MRI, it appears that Mr. Johnson's treating physician, Dr. Yee, related Mr. Johnson's current condition to the July 17, 1984, lumbar spine injury. Therefore, an evaluation by an orthopedic surgeon regarding Mr. Johnson's current lumbar symptoms is appropriate.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision

of the Board of Review is reversed and the claim is remanded with instructions to authorize an evaluation by Dr. Patel at Orthopaedic and Spine Surgery Associates.

Reversed and remanded.

**ISSUED: February 4, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Margaret L. Workman

**DISSENTING:**
Justice Brent D. Benjamin
Justice Allen H. Loughry II

LOUGHRY, J., dissenting:

The majority incorrectly reasons that Mr. Johnson is entitled to an evaluation by an orthopedic surgeon. Although the results of the November 1, 2013, lumbar spine MRI show that Mr. Johnson has a left paracentral disc protrusion at L5-S1, disc bulging at L2-3 and L4-5, central canal stenosis at L2-5, and neural foraminal stenosis, there is nothing in the evidentiary record linking these findings to the compensable July 17, 1984, lumbar sprain. Moreover, the only evidence of record addressing the findings of the November 1, 2013, lumbar spine MRI in relation to the July 17, 1984, lumbar sprain, namely the report of Dr. Mir, indicates that Mr. Johnson's current condition arises solely from naturally occurring age-related degenerative changes. The claims administrator, Office of Judges, and Board of Review all correctly concluded that the record shows that Mr. Johnson's request for authorization of an evaluation by an orthopedic surgeon is unrelated to the July 17, 1984, lumbar sprain. Further, because the record fails to establish that the findings of the November 1, 2013, lumbar spine MRI, as well as Mr. Johnson's current symptoms, arise from the July 17, 1984, lumbar sprain, the claims administrator, Office of Judges, and Board of Review all correctly concluded that authorization for a consultation with an orthopedic surgeon should not be granted. West Virginia Code § 23-5-15(c) (2010) provides, in pertinent part:

> *If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue in the same claim,* the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary

record. *The court may not conduct a de novo re-weighing of the evidentiary record.*

(Emphasis added). Because it is clear that the majority has simply re-weighed the evidence to find in favor of Mr. Johnson, I respectfully dissent.